[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED AUGUST 5, 1997
The plaintiff Record-Journal Publishing Company appeals the defendant City of Meriden's imposition of a 25% penalty on the assessed value of plaintiffs computer equipment, as well as interest at 1 1/2% per month, effective July 1, 1997, on the amount of the penalty. The penalty assessment in the amount of $5,064.10 has reference to the plaintiffs personal property on the City's Grand Lists for the years 1991 through 1994.
The defendant relies on Sec. 12-53 of the Connecticut General Statutes as support for imposition of the penalty and interest charges. It is the City's position that the plaintiff omitted from a list of taxable property some of its computer equipment, and, because of the omission, the statute authorizes the additional assessment.
The plaintiff, on the contrary, argues that the computer equipment was listed on the disputed grand lists. It urges that, on the basis of advice received from a consulting firm, it allocated 20% of the value of such equipment to software already loaded into the computers. Based on the advice it included in its valuation a 20% tax exemption for miscellaneous software costs, giving notice to the City of the exemption claimed as early as 1985. Thereafter, the exemption continued to be claimed and taxes paid, presumably without objection, until an audit having reference to the grand lists in dispute (1991-94). CT Page 3160
The plaintiff points out that, although for a time the equipment was undervalued, there is currently no dispute that, except for the claimed penalty and interest charges, the plaintiff has paid all taxes due on its personal property shown on the aforementioned lists.
The parties have entered into a "Joint Stipulation of Fact," which includes those facts above mentioned, and have filed memoranda of law in support of their respective positions.
The one issue before the court in this appeal is whether Sec.12-53 of the statutes authorizes the City of Meriden to penalize the Record-Journal Publishing Company by imposing an additional 25% assessment against the company's computer equipment.
A penalty of 25% is authorized only in those instances where the property in question was omitted from the grand list. Sec.12-53 Conn. Gen. Stat. "[T]here is no statutory authority for the levy of a penalty assessment for understating the value of assessable property." Northeast Datacom, Inc. v. Wallingford,212 Conn. 639, 651 (1989).
The court finds that the plaintiff did not omit the computer software from the grand list in dispute. Rather, on the advice of its consultant it allocated 20% of the value of the computer equipment to software. "Joint Stipulation of Facts," paragraph 4. Since computer software is deemed intangible personal property not subject to tax, the allocation of a percentage reduction was justified. Sec. 12-71(e)(1), Conn. Gen. Stat.; Northeast Datacom,Inc. v. Wallingford, supra. 644-46.
While a 20% reduction may have resulted in an undervaluation of the overall equipment, this fact is not controlling. What is controlling in the instant context is that "[t]he 25 percent penalty only applies to omitted property, not to all property reassessed pursuant to Sec. 12-53(a) and (b)." UnitedIlluminating Co. v. New Haven, 240 Conn. 422, 457 n. 24 (1997).
Again, the plaintiff is not guilty of omission and has sustained its burden of proof that an illegal tax was imposed.
Judgment may enter in favor of the plaintiff in accordance with this decision. CT Page 3161
GAFFNEY, J.